# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CHRISTIAN HOLLAND | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | |
| CFCF | : | NO. 17-2361 |

## MEMORANDUM

**MCHUGH, J.**                                                                                   MAY 30, 2017

      Plaintiff Christian Holland brings this action pursuant to 42 U.S.C. § 1983 based on the conditions at the Curran-Fromhold Correctional Facility (CFCF), where he was recently incarcerated. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint without prejudice to him filing an amended complaint.

## I. FACTS

Plaintiff alleges that he was "housed in a 2 man cell with 3 people." (Compl. at 3.) He also alleges that he was housed in a windowless multi-purpose room. Plaintiff describes the conditions in which he was confined as "unclean." (*Id.* at 4.) He filed this civil action against CFCF seeking $1,000 for each day he was confined in the above conditions.

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

ENTERED

JUN 02 2017

CLERK OF COURT

(2009) (quotations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Phillips v. Cnty of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008) ("[T]here must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation."). "In this review, courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quotations omitted). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Plaintiff's claims against CFCF must be dismissed because "a prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws." *Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009). Accordingly, CFCF is not subject to liability under § 1983.

Plaintiff's claims also fail substantively. The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *Hubbard v. Taylor (Hubbard I)*, 399 F.3d 150, 166 (3d Cir. 2005). As plaintiff's status during his incarceration is not clear from the complaint, the Court will analyze the complaint under both amendments.

To state an Eighth Amendment violation based on the conditions of confinement, a prisoner must plead facts showing that the challenged conditions were "objectively, sufficiently serious" such that they "result[ed] in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations and quotations omitted).

He must also establish that the defendants acted with deliberate indifference. *Id.* at 835. To state a claim under the Fourteenth Amendment, a pretrial detainee must allege facts showing that the conditions of confinement amounted to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). That inquiry generally turns on whether the conditions have a purpose other than punishment and whether the conditions are excessive in relation to that purpose. *See id.* at 538-39; *Hubbard I*, 399 F.3d at158. In assessing whether an inmate's conditions of confinement violate the Eighth or Fourteenth Amendment, a court should consider the totality of the circumstances. *See, e.g., Hubbard v. Taylor (Hubbard II)*, 538 F.3d 229, 235 (3d Cir. 2008); *Nami v. Fauver*, 82 F.3d 63, 67 (3d Cir. 1996); *Union Cnty Jail Inmates v. DiBuono*, 713 F.2d 984, 1000-01 (3d Cir. 1983).

Housing multiple inmates in a cell or a multi-purpose room does not without more amount to a constitutional violation. *See Hubbard II*, 538 F.3d at 236 & n.6 (pretrial detainees do not have a right "to be free from triple-celling or from sleeping on a mattress placed on the floor."); *North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005) (per curiam) ("Double or triple-bunking of cells, alone, is not per se unconstitutional."); *Trinidad v. Camden Cty. Jail Corr. Facility*, No. 16-CV-06820(JBS-AMD), 2017 WL 448368, at *2 (D.N.J. Feb. 2, 2017) ("The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation."). Accordingly, plaintiff's sparse allegations do not state a claim because they do not plausibly establish that his being housed in a multi-purpose room or in a cell with two other inmates amounted to punishment or deprived plaintiff of any basic human need. *See Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."); *Bell*, 441 U.S. at 542-43 (double-bunking did not violate constitutional rights of pretrial detainees when detainees had sufficient space for

sleeping and use of common areas, and the average length of incarceration was 60 days); *Lindsey v. Shaffer*, 411 F. App'x 466, 468 (3d Cir. 2011) (per curiam) ("The critical issue for Eighth Amendment purposes is not the number of prisoners who share facilities; rather, it is whether the alleged overcrowding has somehow harmed the prisoner."); *Hubbard II*, 538 F.3d at 232-35 (triple-celling of pretrial detainees, some of whom were made to sleep on floor mattresses for three to seven months, and housing of detainees in gym, weight room, and receiving area due to overcrowding, did not amount to punishment). Although plaintiff alleges that the conditions at CFCF were "unclean," his general, conclusory allegation does not support a plausible constitutional violation.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint for failure to state a claim. The dismissal is without prejudice to plaintiff filing an amended complaint in the event he can state a plausible claim against an appropriate defendant or defendants. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order follows.

_____
Gerald Austin McHugh
United States District Judge